UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| MARY DESIRE, | ) |
| Plaintiff, | ) |
|  | ) C.A. No. |
| v. | ) |
| SOPHIA OPPERMAN, | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Mary Desire brings this wage case due to the Defendant's failure to pay her $12,752.18 in straight wages — $38,356.54 in triple damages under the Massachusetts Wage Act — for live-in nanny services provided by Plaintiff in the Defendant's home in Cambridge, Massachusetts. The Defendant paid the Plaintiff a total of only $1,200 in wages for work from September 22, 2022, through December 3, 2022, which comprised work weeks averaging sixty-two (62) hours per week. The Plaintiff brings claims for violations of the FLSA and the Massachusetts Wage Act.

### THE PARTIES

2. Plaintiff Mary Desire is a resident of Essex County, Massachusetts, who was formally employed by the Defendant as a live-in nanny.

3. Defendant Sophia Opperman is a resident of Middlesex County, Massachusetts, who employed the Plaintiff as a live-in nanny.

**JURISDICTION AND VENUE**

4. The Court has federal question subject matter jurisdiction over the case as the Plaintiff asserts a violation of the Fair Labor Standards Act. Personal jurisdiction over the Defendant is also proper as the Defendant resides in Middlesex County and employed the Plaintiff in Middlesex County. Moreover, venue is also proper as the parties both reside within this Division.

**STATEMENT OF FACTS**

5. The Defendant advertised for a live-in nanny to help with her seven-year-old daughter. Her ad indicated: "looking for a living (sic) in nanny, I'm a traveler so I will not be home, I need someone to get her [7-year-old daughter] on the bus for school and put her to bed, and help with daily living, she is very independent but need help with some stuff."

6. The Plaintiff applied for the nanny position. After a short trial period, she was hired by the Defendant at $19 per hour.

7. The Plaintiff moved her belongings into the Defendant's apartment. The Plaintiff was not provided her own room. She was provided an air mattress for a bed.

8. Pursuant to Chapter 149 § 190, the Massachusetts Domestic Worker Bill of Rights, the Defendant was required to provide the Plaintiff with a written agreement stating, among other things, her regular and overtime rate of pay, raises or increases in pay for added duties or skills, work schedule and job duties, rest periods, sick leave, holidays, vacation, personal days, charges or pay deductions and why and when the employer will enter her living space.

9. The Defendant failed to provide the Plaintiff with the written agreement required by statute. In addition, the Defendant failed to maintain payroll records, issue pay stubs, or deduct taxes from the $1,200 in payments to the Plaintiff.

10. The Plaintiff worked for the Defendant from September 9, 2022, through December 3, 2022. The Plaintiff maintained detailed records of her hours in an "app."

11. The Defendant failed to pay the Plaintiff for regular time and overtime. Based on hours worked, the Plaintiff is owed $12,752.18 in unpaid wages.

12. The Plaintiff repeatedly requested that she be paid by the Defendant. For the entire time she worked for the Defendant, the Defendant only made three payments – two for $500 each and one for $200. No other payments were made by the Defendant despite the Plaintiff's repeated requests.

13. The $1,200 in wage payments were not designated to any particular work week, nor was a pay stub or statement provided to the Plaintiff.

14. The Plaintiff was not issued a W-2 from the Defendant for the work she performed in 2022.

15. The Defendant's failure to pay the Plaintiff her earned wages was a willful and intentional decision she undertook with full knowledge of the wages earned by the Plaintiff.

16. The Plaintiff has satisfied the condition precedent of filing a complaint with the Attorney General's Office and receiving a "right to sue" letter.

## COUNT 1

### Violations of the FLSA Failure to Pay Straight Time
### (29 U.S.C. § 206)

17. Plaintiff incorporates the above paragraphs as if set forth herein.

18. The Plaintiff worked as an employee for the Defendant and was supposed to be paid on an hourly basis at $19 per hour.

19. The Plaintiff worked approximately 412 straight time (non-overtime) hours for the Defendant for which she was not paid. The Defendant was fully aware of the number of hours worked by the Plaintiff.

Wherefore, Plaintiff requests that this Court enter an order and judgment against Defendants as follows:

      a. Payment of monetary damages consistent with the FLSA;

      b. Statutory liquidated damages, punitive damages and attorney's fees and costs where allowed by law;

      c. Prejudgment and post-judgment interest on all monetary damages;

      d. All other relief to which Plaintiff is entitled to in law or in equity.

## COUNT 2

### Violations of the FLSA Overtime Wage Provision
### (29 U.S.C. § 207(a)(1))

20. Plaintiff incorporates the above paragraphs as if set forth herein.

21. The Plaintiff worked as an employee for the Defendant.

22. The Plaintiff worked approximately 215 overtime hours for the Defendant for which she was not paid, as her relevant work weeks totaled the following number of hours: 69:26, 55:17, 63:30, 51:40, 59:57, 40:36, 69:05, 62:44, 84:24, 58:14.

23. The Defendant was fully aware of the number of hours worked by the Plaintiff.

24. The Defendant failed to pay the Plaintiff premium pay or time-and-a-half for hours worked over 40 in any given week as required by federal and state law.

25. The Defendant knew that the Plaintiff had worked overtime and was owed overtime wages. Even with this knowledge, the Defendant failed to pay overtime while she employed the Plaintiff and failed to pay her after she left the Defendant's employment.

26. The Defendant's failure to pay premium pay for overtime hours was done willfully and intentionally with full knowledge of the requirements of federal and state law. This willful and intentional violation allows the Plaintiff to claim unpaid premium wages for a period of three years under 29 U.S.C. § 255(a).

Wherefore, Plaintiff requests that this Court enter an order and judgment against Defendants as follows:

a. Payment of monetary damages consistent with the FLSA;

b. Statutory liquidated damages, punitive damages and attorney's fees and costs where allowed by law;

c. Prejudgment and post-judgment interest on all monetary damages;

d. All other relief to which Plaintiff is entitled to in law or in equity.

## COUNT 3

### Violations of the Massachusetts Wage Act (Straight Time)

27. Plaintiff incorporates the above paragraphs as if set forth herein.

28. The Plaintiff worked as an employee for the Defendant and was supposed to be paid on an hourly basis at $19 per hour.

29. The Plaintiff worked approximately 412 straight time (non-overtime) hours for the Defendant for which she was not paid. The Defendant was fully aware of the number of hours worked by the Plaintiff.

Wherefore, Plaintiff requests that this Court enter an order and judgment against the Defendant as follows:

a. Payment of monetary damages consistent with the Massachusetts Wage Act;

b. Statutory treble damages, attorney's fees and costs;

c. Prejudgment and post-judgment interest on all monetary damages;

d. All other relief to which Plaintiff is entitled to in law or in equity.

## COUNT 4

### Violations of the Massachusetts Overtime Wage Statutes

### (G.L. c. 151, §§ 1A, 1B)

30. Plaintiff incorporates the above paragraphs as if set forth herein.

31. The Plaintiff worked as an employee for the Defendant.

32. The Plaintiff worked approximately 215 overtime hours for the Defendant for which she was not paid, as her relevant work weeks totaled the following number of hours: 69:26, 55:17, 63:30, 51:40, 59:57, 40:36, 69:05, 62:44, 84:24, 58:14.

33. The Defendant was fully aware of the number of hours worked by the Plaintiff.

34. The Defendant failed to pay the Plaintiff premium pay or time-and-a-half for hours worked over 40 in any given week as required by federal and state law.

Wherefore, the Plaintiff requests that this Court enter an order and judgment against Defendants as follows:

a. Payment of monetary damages consistent with the Massachusetts Overtime Wage statute;

b. Statutory treble damages, attorney's fees, and costs;

c. Prejudgment and post-judgment interest on all monetary damages;

d. All other relief to which Plaintiff is entitled to in law or in equity.

## COUNT 5

### Violations of the Wage Act Pay Slip Requirements

### (G.L. c. 149, § 148)

35. Plaintiff incorporates the above paragraphs as if set forth herein.

36. The Plaintiff worked as an employee for the Defendant and was paid on an hourly basis.

37. The Plaintiff regularly worked more than forty hours in a given work week.

38. The Defendant failed to pay the Plaintiff for straight time pay and overtime. Moreover, for the $1,200 in pay the Defendant did pay, the Defendant failed to provide a pay stub or pay statement detailing her hourly rate, hours worked, whether the pay was for straight time and/or overtime and any deductions taken from her pay.

39. The wage payments issued to the Plaintiff failed to comply with Chapter 149 Section 148's requirement that a pay slip or check stub contain the number of hours worked, the hourly rate and the amounts of any deductions or increases made for the pay period.

Wherefore, the Plaintiff requests that this Court enter an order and judgment against Defendants as follows:

a. Payment of monetary damages consistent with the Massachusetts Overtime Wage statute;

b. Mandating the Defendant to properly disclose and account for each payment issued to Plaintiff in compliance with the requirements of Chapter 149 section 148;

c. Statutory treble damages, attorney's fees and costs;

d. Prejudgment and post-judgment interest on all monetary damages;

All other relief to which Plaintiff is entitled to in law or in equity.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims.

On behalf of the Plaintiff,

*/s/ Carlin J. Phillips*

_____
Carlin Phillips, BBO# 561916
Andrew J. Garcia, BBO# 559084
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
North Dartmouth, MA 02747
(508) 998-0800

(508) 998-0919 (fax)
cphillips@phillipsgarcia.com
agarcia@phillipsgarcia.com